624 A.2d 663

**Linda CALLSEN (Seeley) Individually and as Administratrix of the Estate of Elizabeth Callsen, Deceased, and on behalf of Frank Callsen and Michael Callsen, Appellants**

**v.**

**CHELTENHAM YORK NURSING HOME, Theodore Burden, M.D., Barry Chase, M.D., Herbert Secoular, M.D., Denise Holland, Sally Halcovage, Stephen W. Keen, Vanessa Smith et al.**

Commonwealth Court of Pennsylvania.

Argued Feb. 4, 1993.

Decided April 2, 1993.

Reargument Denied June 4, 1993.

---

542

George J. Badey, III, for appellants.

David Santilli for appellees, Albert Einstein Medical Center, Amy Fitzsimmons, M.D. and Annette Petrie, R.N.

George F. Bihn, III, for appellee, Humanity Gifts Registry.

Richard E. Geschke, for appellee Temple University Hosp.

Francis J. McGovern, for appellee Barry M. Chase, M.D.

Before COLINS and SMITH, JJ., and KELTON, Senior Judge.

KELTON, Senior Judge.

Linda Callsen (Seeley), Individually and as Administratrix of the Estate of Elizabeth Callsen, Deceased, and Frank Callsen and Michael Callsen, appellants, (hereinafter referred to as plaintiffs) appeal from three final orders of the Court of Common Pleas of Philadelphia County sustaining the preliminary objections of Humanity Gifts Registry (Humanity), Raymond Hancock and Raymond Hancock Funeral Home, Ltd. (Hancock) and Temple University Hospital (Temple) and dismissing plaintiffs' amended complaint with prejudice.

The broad issue involved in each of these appeals is whether the amended complaint shows on its face that in participating in the transfer of decedent Elizabeth Callsen's remains from Albert Einstein Medical Center to Temple University Hospital for medical dissection purposes, defendants Humanity, Hancock and Temple were entitled to claim that they were immune from liability under the "good faith" provisions of § 8607(c) of the Uniform Anatomical Gift Act.[1]

After reviewing plaintiffs' complaint and the recent decision of the Superior Court in *Brown v. Delaware Valley Transplant Program*, 420 Pa. Superior Ct. 84, 615 A.2d 1379 (1992), we conclude that the questions raised herein are more appropriately disposed of after the pleadings have been closed and pre-trial discovery on the liability issues has been completed. Accordingly, we reverse and remand for further proceedings.

The amended complaint named twenty-two separate defendants, including Humanity, Hancock and Temple. The complaint recited that decedent Elizabeth Callsen was the mother of plaintiffs, Linda Callsen, Frank Callsen and Michael Callsen; that prior to her death decedent resided at Cheltenham York Nursing Home; that throughout 1988 and 1989, the nursing home kept records of family and friends who visited

1. 20 Pa.C.S. §§ 8601–8607.

decedent; that on May 27, 1990 the nursing home transferred the decedent to Albert Einstein Medical Center for hospital treatment and notified Einstein that there was no family information for decedent; that Einstein made no further efforts to contact decedent's family members or friends; and that decedent died on or about June 9, 1990.

Plaintiffs also alleged in their amended complaint that following decedent's death, Hancock, Humanity and Temple participated in the transfer of decedent's remains from Einstein to Temple without making any effort to locate and notify decedent's family members; that the family did not discover decedent's whereabouts until about ten days after her death; and that by that time, the body had been partially dissected.

Plaintiffs claim that the three named defendants were negligent in failing to follow the statutory procedures for disposition of a deceased person's remains and that their conduct was grossly negligent and outrageous.

Hancock, Humanity and Temple each filed preliminary objections in the nature of a demurrer. The trial court sustained the objections and dismissed the amended complaint against each of the three defendants. In his opinion explaining the orders, the Honorable Albert Sheppard, Jr. stated that Temple and Humanity had no duty under the Anatomical Gifts Act to search out a decedent's relative or guardian and that even if they did, they were acting in good faith and therefore were immune under section 8607(c) of the Act, 20 Pa.C.S. § 8607(c). The trial judge did not make a specific good faith finding as to Hancock, but did enter an order on January 23, 1992 sustaining Hancock's preliminary objections and dismissing the amended complaint.

Plaintiffs appealed to Superior Court from all three orders. Because Humanity Gifts Registry is the duly constituted Commonwealth agency charged with the distribution and delivery of human bodies for medical or research purposes,[2] that court transferred the appeals to Commonwealth Court.

2. Act of June 13, 1883, P.L. 119, as amended by the Act of Nov. 5, 1971, P.L. 520, 35 P.S. § 1091.

We conclude that in the case of all three defendants, the complaint is not sufficiently clear as to the presence or absence of good faith to permit the matter to be disposed of by preliminary objections.

 As stated in *Buchanan v. Brentwood Federal Savings & Loan Association*, 457 Pa. 135, 139, 320 A.2d 117, 120 (1974):

A demurrer admits as true all well-pleaded facts and all inferences reasonably deducible from them, but not any conclusions of law ... Only if "upon the facts averred, the law says with certainty that no recovery is permitted," ... will this Court sustain the demurrer. "Where a doubt exists as to whether a demurrer should be sustained, this should be resolved in favor of overruling it."

Reviewing the amended complaint under the *Buchanan* standards, we do have a doubt whether a demurrer should have been sustained and hold therefore that the matter should be remanded for further proceedings including discovery concerning the "good faith" efforts of the named defendants to locate decedent's relatives immediately following her demise.

As noted in the *Brown* case, under the Pennsylvania version of the Uniform Anatomical Gift Act, a person of sound mind may give all or any part of his or her body for medical, research, or transplantation purposes. In the absence of contrary indications by the decedent, section 8602 of the Act, 20 P.C.S. § 8602, provides that any of the following persons may make a similar donation of a decedent's remains "in order of priority stated, when persons in prior classes are not available at the time of death ..." The priority order is as follows:

(1) the spouse;

(2) an adult son or daughter;

(3) either parent;

(4) an adult brother or sister;

(5) a guardian of the person of the decedent at the time of death; and

(6) any other person authorized or under obligation to dispose of the body.

Section 8607(c) of the Act provides that:

A person who acts in good faith in accord with the terms of this chapter or with the anatomical gift laws of another state of a foreign country is not liable for damages in any civil action or subject to prosecution in any criminal proceeding for his act.

20 P.C.S. § 8607(c).

In the *Brown* case, the Superior Court affirmed the entry of summary judgment in favor of a hospital and other persons who had participated in the harvesting of a decedent's heart and kidneys without the consent of his relatives. The court, after reviewing the depositions of all of the parties, concluded that the defendants had acted in good faith by relying upon the efforts of the state police to locate decedent's next of kin and by securing court approval before proceeding. The Superior Court relied in part on a New York summary judgment case, *Nicoletta v. Rochester Eye and Human Parts Bank, Inc.,* 136 Misc.2d 1065, 1068–69, 519 N.Y.S.2d 928, 931 (1987). In that case, the court reviewed in detail the depositions of hospital personnel who testified concerning their actions in securing an organ donation consent from a person who erroneously identified herself as decedent's wife. In both *Brown* and *Nicoletta,* the court had detailed evidence from which the court could make an informed finding that the defendants had acted in good faith in attempting to find the next of kin.

Here, however, we are limited to the averments of the complaint. We can ascertain from the complaint only that although the Cheltenham York Nursing Home had access to names of family members, the nursing home agreement did not record their names. We also know that one of the Cheltenham nurses, defendant B. Stokes, had reported to Einstein Medical Center that there was "no family information" for decedent. The complaint does not disclose what efforts, if any, were made by Humanity, Hancock, or Temple

to locate relatives or to notify any of them as to the proposed disposition of decedent's remains.

We find therefore that the ultimate decision as to the presence or absence of the exercise of good faith by any of these three parties must await the filing of further pleadings, the completion of any necessary discovery and possible motions for summary judgment.

We reverse and remand for further proceedings.[3]

## ORDER

AND NOW, this 2nd day of April, 1993 we reverse the orders of the Court of Common Pleas of Philadelphia County and remand for further proceedings.

Jurisdiction relinquished.

**3.** Because the trial judge did not address the issue of the immunity of Humanity Gifts Registry under the Judicial Code, 42 Pa.C.S. § 8522(b)(2) or (b)(3), we do not decide that question at this time.